THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| KEVIN BLANKE,<br><br>    Petitioner,<br><br>v.<br><br>THE UTAH BOARD OF PARDONS AND PAROLE,<br><br>    Respondent. | **MEMORANDUM DECISION & ORDER DISMISSING HABEAS PETITION**<br><br>Case No. 2:21-cv-00755-DBB<br><br>District Judge David Barlow |

Inmate Kevin Blanke ("Petitioner"), appearing pro se, challenges the execution of his sentence for being "in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C.S. § 2241 (2023). Having carefully considered the petition ("Petition") and attachments (ECF No. 1), Respondent's motion to dismiss and attachments (ECF No. 7), Petitioner's response (ECF No. 8), and relevant law, the court concludes that the Petition fails to raise any claims cognizable in federal court.

## I. BACKGROUND

Petitioner is currently incarcerated for two crimes. In 2002, Petitioner pleaded guilty to attempted child kidnapping and was sentenced to an indeterminate prison sentence of three years to life. *Blanke v. Utah Bd. Of Pardons & Parole*, 2020 UT 39, ¶¶ 2–3, 467 P.3d 850; *see also* ECF No. 7-1. In 2003, Petitioner also pleaded guilty to kidnapping a different victim, who was a minor at the time of the crime in 1997. *Id.* at ¶ 4. The victim accused Petitioner of raping and sodomizing her, but by the time of his arrest in 2002, the statute of limitations had expired. After the plea, Petitioner's presentence report stated that he had sexual intercourse with the underage

victim of his kidnapping. Prior to sentencing, Petitioner moved to withdraw his plea. At sentencing, Petitioner reaffirmed his plea. Petitioner's counsel made other objections but did not object to the statement in the presentence report that Petitioner had had sex with his underage victim. *Id.* at ¶¶ 4–5. Petitioner was sentenced to one to fifteen years in state prison for the 1997 kidnapping. *Id.* at ¶ 4.

Petitioner appealed the district court's denial of his motion to withdraw his plea, but the Utah Court of Appeals affirmed. *State v. Blanke*, 2005 UT App 259, *1.

Petitioner's first parole hearing occurred in 2006. *Blanke v. Utah Bd. of Pardons & Parole*, 2020 UT 39, ¶ 6. In that proceeding, Petitioner admitted that he had sexual intercourse with the underage victim of his 1997 crime. *Id*. Respondent denied parole. *Id.* At Petitioner's next parole hearing in 2012, Petitioner declined to answer questions about the rape accusation, stating that he had neither been charged, nor pleaded guilty to rape. *Id.* at ¶ 7. The hearing officer expressed his personal opinion that he "wouldn't consider any kind of release" until Petitioner completed sex offender treatment. *Id*. at ¶ 8.  Respondent denied release again and scheduled a rehearing for 2032. *Id.* at ¶ 9. Respondent ordered a sex offender treatment memorandum. *Id.*

Petitioner filed a petition for relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in this court on May 4, 2017. *Blanke v. Utah*, No. 2:17-CV-00341-BSJ, 2017 U.S. Dist. LEXIS 79553, *1 (D. Utah May 23, 2017). In that petition, Petitioner argued that the state district court had violated his rights under the Sixth Amendment by denying his motion for the appointment of counsel in his state habeas proceedings. *Id.* at *1–2. Second, Petitioner argued that the state court had violated his rights under the Fifth and Fourteenth Amendments of the United States Constitution by failing to rule on his motion to withdraw his plea prior to sentencing. *Id.* at *2. This court denied his petition, finding that his claim that the state court

violated his right to counsel derived from a post-conviction proceeding for which Petitioner had no right to counsel and that his claim that the state court should have ruled on his motion to withdraw his plea was both untimely and had been mooted when he renewed his guilty plea prior to sentencing. *Id.* at *2–4.

Meanwhile Petitioner had also filed a petition for extraordinary relief in the state courts under the Utah Post Conviction Relief Act. *Blanke v. Utah Bd. of Pardons & Parole*, 2020 UT 39, ¶ 10. Petitioner argued that the requirement of sex offender treatment as a condition for his release set by Respondent violated his rights under Utah law because his convictions lacked a sexual element. *Id.* During the course of Petitioner's state litigation, the Utah Supreme Court decided *Neese v. the Utah Board of Pardons and Parole*, which held that although a petitioner who had not been adjudicated a sexual offender lacked federal due process rights at his parole hearing, the Utah Constitution required the Board of Pardons and Parole to extend due process before requiring the petitioner to undergo sex offender treatment. 2017 UT 89, ¶¶ 39-40, 416 P.3d 663. However, the Utah Supreme Court ultimately declined to extend *Neese* to apply to Petitioner's situation for two reasons: (1) Petitioner "was convicted of attempted child kidnapping—a crime that, at the time of his conviction, required him to register as a sex offender," and (2) Petitioner had admitted to having sexual intercourse with a minor. *Blanke v. Utah Bd. of Pardons & Parole*, 2020 UT 39, ¶ 25. The United States Supreme Court denied certiorari. *Blanke v. Utah Bd. Of Pardons & Parole*, 141 S. Ct. 914 (2020).

Petitioner filed the instant Petition for relief under the AEDPA on December 27, 2021.

## II. PETITIONER'S ASSERTED GROUNDS FOR RELIEF

Petitioner asserts two grounds for relief in his Petition: (1) Respondent imposed an unfair condition to Petitioner's parole by imposing a condition that Petitioner undergo sex offender

treatment even though the crimes to which Petitioner plead guilty do not include a sexual element (ECF No. 1, at 6–7); and (2) The Utah Supreme Court violated the terms of Petitioner's plea agreement when it affirmed Respondent's imposition of a sexual offender registration requirement. *Id*. at 7.

### III. STANDARD OF REVIEW

Petitioner's *pro se* pleadings are entitled to liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed.") (internal quotations omitted) (internal citations omitted.) *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.") "Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations." *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992).

The AEDPA reads in pertinent part: "The Writ of habeas corpus shall not extend to a prisoner unless … [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). The United States Supreme Court has "stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). The Supreme Court has repeatedly

emphasized "that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 502 U.S. at 67–68 (citing 28 U.S.C § 2241). Thus, any of Petitioner's claims based on alleged state-law violations do not raise federal challenges; federal habeas review of state-law-based claims is therefore unwarranted. *See Larson v. Patterson*, 2:09-CV-989-PMW, 2011 U.S. Dist. LEXIS 3831, *5–6, 2011 WL 129485 (D. Utah Jan. 14, 2011) ("Petitioner's first argument that the trial court should have . . . dismissed the charges against him is based entirely on state law. . . . Therefore, this Court will not further consider this state-law-based argument."); *see also Scott v. Murphy*, 343 F. App'x 338, 340 (10th Cir. 2009) (rejecting petitioner's claim that "involve[d] purely matters of state law").

Under the United States Constitution, Petitioner has no right to parole and no right to be released before the end of his sentence. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). The Tenth Circuit Court of Appeals has ruled that the "Utah parole statute does not create a liberty interest entitling [an inmate] to due process protection under the Fifth and Fourteenth Amendments of the United States Constitution." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). "Because Utah prisoners have no legitimate entitlement to parole prior to the completion of their sentence, neither the denial of parole nor the lack of enforceable parole guidelines can constitute cruel and unusual punishment, double jeopardy, or ex post facto application of the law." *Id.* at 1016.

A motion to dismiss may be granted when the petition has "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). All well-pleaded facts, as distinguished from conclusory allegations, are accepted as true, and those facts are viewed in the light most

favorable to the non-moving party. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005). To survive a motion to dismiss, a petition must present factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This review contemplates the assertion of "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Thus, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id.* at 558.

### IV. ANALYSIS

Neither of the issues Petitioner raises states a cognizable claim that Petitioner's federal rights have been violated. First, Petitioner argues that the Utah Supreme Court[1] violated his rights by allowing Respondent to impose sex offender treatment as a condition of his parole even though he had not been formally adjudicated as a sex offender. But the Tenth Circuit held in *Malek* that Utah's parole statutes do not create a liberty interest since they afford complete discretion to Respondent, and thus, do not trigger federal due process protections at parole hearings. *See Malek*, 26 F.3d at 1016.

Petitioner's second claim sounds entirely in state law. The Utah Supreme Court's decision in *Blanke v. Utah Bd. of Pardons & Parole* held that Utah's Due Process Clause did not require that additional process be afforded to Petitioner in his parole hearing. 2020 UT 39, ¶ 25. Integral to this holding was the Court's observation that at the time he was convicted, Utah statute treated child kidnapping as a sex offense. *Id.* at ¶¶ 27–32. Respondent argues that this holding was incorrect. ECF No. 1, at 8. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United

---

[1] The court further notes that the Utah Supreme Court has not been named a party here.

States." *Estelle*, 502 U.S. at 67–68 (citing 28 U.S.C. § 2241). Although the Petition includes conclusory mention of multiple constitutional amendments to support Petitioner's claims, he presents no issues of federal law.

Complaints drafted by pro se litigants . . . are not insulated from the rule that dismissal with prejudice is proper for failure to state a claim when "it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Fleming v. Coulter*, 573 Fed. Appx. 765, 769 (10th Cir. 2014) (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)). Such is the case here.

## V. CERTIFICATE OF APPEALABILITY

Petitioner is not entitled to a certificate of appealability. A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." U.S.C.S. 2253(c)(2) (2023). The Supreme Court has clarified the standard for obtaining a certificate of appealability after a habeas petition is denied on procedural grounds:

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Here, Petitioner is not entitled to a certificate of appealability because he has not alleged sufficient facts to establish that jurists of reason would find it debatable that the Petition states a valid claim of a denial of a constitutional right.

## V. CONCLUSION

Petitioner fails to state a claim upon which relief can be granted in federal court.

**IT IS THEREFORE ORDERED** that the motion to dismiss is **GRANTED.** The Petition for habeas corpus is **DENIED** and the action is **DISMISSED WITH PREJUDICE**.

**IT IS ALSO ORDERED** that a certificate of appealability is **DENIED**.[2]

This action is **CLOSED**.

DATED this 21st day of September, 2023.

BY THE COURT

JUDGE DAVID BARLOW
United States District Court